### In re JACOBSON.

(Circuit Court of Appeals, Third Circuit. January 11, 1917.)

No. 2156.

BANKRUPTCY ⊜455—PROCEEDINGS—APPEALS.

A petition was filed against an alleged bankrupt, it being asserted that he had transferrred all his property to a corporation, through which he transacted business; all the stock, save a few shares issued to dummies, being held for the benefit of the bankrupt by his wife. An order being made for his examination, the bankrupt requested that the examination be stayed until he should effect settlements with his creditors, and the stay was granted on condition that the bankrupt should deposit funds for the payment of certain undisputed claims, and execute bonds to secure payment of other claims and for attorney's fees. The claims were all settled between the parties, and the court then made an allowance for the fees of the petitioning and intervening creditors, payment of which fees was secured by bond. From such order, the bankrupt appealed, on the ground that the allowances were unreasonable and excessive. *Held*, that the proceeding was not one in bankruptcy, but rather one to avoid bankruptcy, and, as the court acted as an arbitrator under the authority given by the bond, no appeal could be taken under Bankr. Act July 1, 1898, c. 541, § 24a, 30 Stat. 553 (Comp. St. 1913, § 9608), providing for review by appeal of controversies in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 916; Dec. Dig. ⊜455.]

Appeal from the District Court of the United States for the District of New Jersey; Thos. G. Haight, Judge.

In the matter of Jacob Jacobson, alleged bankrupt. From an order fixing attorney's fees, the alleged bankrupt appeals. Dismissed.

Edward P. Stout, of Jersey City, N. J., for appellant.

Edwin G. Adams, of Newark, N. J., George D. Hendrickson, of Jersey City, N. J., and Kessler & Kessler, of Newark, N. J., for appellee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge. This is an appeal from an order, made ostensibly in a bankruptcy proceeding, allowing counsel fees.

The facts of this peculiar case are these: A petition in bankruptcy was filed against Jacob Jacobson, an alleged bankrupt, followed by an amended petition, in which it is averred substantially that the alleged bankrupt had concealed his property from his creditors, to whom he was heavily indebted, by conveying it to a corporation which he had caused to be formed for that purpose and through which he transacted business; that all the stock of the corporation, save a few shares issued to dummies, was held by his wife; that the said corporation was solvent, in fact very prosperous, and that the alleged bankrupt was the true owner of the stock of the corporation. The alleged bankrupt moved to vacate the order, on the ground that the petition did not allege an act of bankruptcy. The motion was dismissed and an order made for an examination of the bankrupt under section 21a, Bankruptcy Act (Comp. St. 1913, § 9605). Fearing, as suggested by the court, that the examination might divulge such facts as would involve the corporation and justify the court in extending a receivership of the bankrupt to the corporation (In re Muncie Pulp Co., 139 Fed. 546, 71 C. C. A. 530; In re Rieger, Kapner & Altmark [D. C.] 157 Fed. 609), the alleged bankrupt was induced to ask that the examination be stayed until he could effect settlements with his creditors. This motion was granted and the examination stayed, upon conditions, however, appearing in the court's order, that the alleged bankrupt deposit with the Referee in Bankruptcy $4,500 with which to pay certain undisputed claims; and deliver to the Referee a bond for $24,000 with surety, to secure the payment of any judgment that might be recovered against him upon the suit of a certain creditor; another bond for $1,000 with surety, to secure the claim of another creditor; and a third bond "in the sum of three thousand dollars ($3,000) with such surety as shall be approved by court, conditioned to pay any counsel fee that may hereafter be allowed by this court to counsel for the petitioning creditors and all other counsel in this proceeding."

Following this order, the alleged bankrupt went among his creditors and settled with them upon the best terms he could obtain, and thereafter came into court, and by petition, showing that he had paid all debts not covered by the cash and securities deposited, and that he had otherwise performed the conditions required of him by the recited order, prayed that the petition be dismissed. Whereupon the court made an order dismissing the petition, directing the distribution of the fund, and fixing fees for counsel for the petitioning and intervening creditors in the following words:

"And it is further ordered that the said Jacob Jacobson pay to the said Kessler and Kessler the sum of $1,500 as counsel fee and for their disbursements in this matter; and to the said George D. Hendrickson the sum of $750 as counsel fee and for his disbursements in this matter; * * * and upon the said Edward P. Stout (counsel for Jacobson) presenting to the said Charles M. Mason (Referee in Bankruptcy) receipts that the foregoing moneys have been paid, the bond of $3,000 of Jacob Jacobson, as principal, and National Surety Company, as surety, filed with the said Charles M. Mason on May 22, 1916, conditioned to pay any counsel fee that might thereafter be allowed by this court to counsel for the petitioning creditors and all other counsel in these proceedings, shall be delivered by the said Charles M. Mason to the said Edward P. Stout."

From this order this appeal was taken, and the error charged is that the allowances are unreasonable and excessive.

Aside from a defense on the merits, the appellees raised a question of the jurisdiction of this court to entertain the appeal. Being before us on appeal and not on petition to review and revise, there developed the ever-present controversy concerning what is meant by "controversies arising in bankruptcy proceedings," reviewable by appeal under section 24a and section 25a, and what are "proceedings of bankruptcy," reviewable by petition to review and revise under section 24b of the Bankruptcy Act (Comp. St. 1913, §§ 9608, 9609). Upon the face of the appeal it would seem that we are called upon to consider and decide this question, but an examination of the record discloses a situation which, though not addressed to our attention by counsel, nevertheless so intimately concerns our jurisdiction, that we must inquire whether, upon another ground, this case is properly in this court, and whether, therefore, our views respecting "controversies arising in bankruptcy proceedings" and "proceedings of bankruptcy," if expressed, would have the force of a decision.

Pursuing this inquiry at the risk of repetition, it must appear from this brief recital, that the facts of this case are unusual. No receiver was appointed, no trustee was elected, and no estate came within the administration of the bankruptcy court. A petition was filed and an order of examination made. Motions and counter-motions were made and hearings held in an atmosphere surcharged with bad feeling. The ultimate result of it all was an agreement reached between counsel for several groups of creditors and for the alleged bankrupt, with the approval of the court, that the alleged bankrupt be given a chance to settle with his creditors, conditioned, as before stated, upon the payment of a certain sum to satisfy undisputed claims, and the giving of bonds to secure two disputed claims and to insure the payment of counsel fees. The alleged bankrupt complied with these preliminary conditions, and set about making settlements with his creditors. These settlements, which were finally effected, were not in composition of his debts in the sense contemplated or under the procedure prescribed by the Bankruptcy Act, but were settlements informally made out of court upon such terms as the debtor could obtain. When the settlements were completed, the alleged bankrupt came into court, and, showing that he had paid all his debts excepting those secured by his deposits, asked that the petition be dismissed. Pursuant to the agreement to which all were parties and in

which the judge had acquiesced, the petition was dismissed and the alleged bankrupt ordered to pay counsel fees fixed by the judge.

This does not appear to us to be a proceeding in bankruptcy—certainly not such a proceeding as is contemplated by the Bankruptcy Act. It was rather a proceeding arising out of bankruptcy, inspired, carried along and perfected *to avoid* proceedings in bankruptcy. A bankrupt estate was not administered by the bankruptcy court. What was administered was a fund advanced by the corporation, not paid by the alleged bankrupt, and voluntarily handed the Referee in Bankruptcy in lieu of the surrender of the alleged bankrupt's estate, and what was awarded counsel was not a part of bankruptcy assets nor even of the fund deposited, but was an order made upon the alleged bankrupt in his personal capacity, that he pay counsel fees according to the tenor of his bond. The understanding, which included the giving of a bond as security for payment of fees, invested the judge with power to fix fees. The judge was thus made the arbitrator of the matter of fees, and the power conferred was only limited by the amount of the bond. Having conferred this power upon the judge, neither the attorneys nor the alleged bankrupt can complain of his decision, when within the limit prescribed. As his decision was that of an arbitrator rather than of a court, manifestly this court has no jurisdiction to review his action, either by appeal or upon a petition to revise. What the judge really did was to lend a hand in straightening out a tangled situation, and this he did, not along lines prescribed by the Bankruptcy Act, but according as the parties had themselves agreed.

We are clearly of opinion that we have no jurisdiction of this case, and therefore direct that the appeal be dismissed.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes